NO. 07-10-00324-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
20, 2011

 



 

JAMES CODY SULLIVAN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 64TH DISTRICT COURT OF CASTRO
COUNTY;

 

NO. A3000-0504; HONORABLE ROBERT W. KINKAID JR., JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ORDER OF ABATEMENT AND REMAND

Appellant,
James Cody Sullivan, filed a notice of appeal from his conviction for forgery
of a financial instrument, and sentence of two years
incarceration in the State Jail Division of the Texas Department of Criminal
Justice, and $500 fine.  The appellate
court clerk received and filed the trial court clerk=s record on October 7, 2010.  The trial court reporter=s record was due to be received by
October 4, 2010.  This Court received two
requests for extension of time to file the reporter’s record, both indicating
that appellant had neither requested preparation of the record nor paid for or
made arrangements to pay for the record. 
Concurrent with granting the reporter’s first request for extension,
this Court sent a letter to appellant directing him to request and to pay for
or make arrangements to pay for the reporter’s record and to certify that such
action was taken by November 15, 2010, or the Court may set a deadline for
appellant’s brief in the absence of a reporter’s record.  When the reporter’s second request for
extension was received on November 17 and no certification of compliance with
the Court’s directive was received from appellant, the Court notified appellant
by letter that his appellate brief was due on or before December 20, 2010.  Appellant did not file his brief or request
an extension of time to file his brief by this deadline.  Consequently, on January 3, 2011, this Court
sent appellant notice that, pursuant to Texas Rule of Appellate Procedure 38.8,
failure to file his brief by January 13, may result in the appeal being abated
and remanded without further notice.  As
of the date of this order, appellant has failed to file his brief or a motion
for extension of time to file his brief.

Accordingly,
we now abate this appeal and remand the cause to the trial court.  See Tex.
R. App. P. 38.8(b)(2).  Upon remand, the judge of the trial court is
directed to immediately cause notice to be given of and to conduct a hearing to
determine: (1) whether appellant desires to prosecute this appeal; (2) if
appellant desires to prosecute this appeal, whether appellant is indigent and
whether appellant desires that counsel be appointed to represent him on the
appeal; and (3) what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant=s appeal if appellant does not desire
to prosecute this appeal or, if appellant desires to prosecute this appeal, to
assure that the appeal will be diligently pursued.  If the trial court appoints counsel for
appellant or if appellant retains counsel, the court should cause the Clerk of
this Court to be furnished the name, address, and State Bar of Texas
identification number of the newly-appointed or newly-retained attorney.  

The
trial court is directed to: (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact, conclusions of law, and recommendations and
cause them to be included in a supplemental clerk=s record; (3) cause the hearing proceedings to be transcribed
and included in a supplemental reporter=s record; (4) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court. 
See Tex. R. App. P. 38.8(b)(3).  In the absence
of a request for extension of time from the trial court, the supplemental clerk=s record, supplemental reporter=s record, and any additional
proceeding records, including any orders, findings, conclusions, and
recommendations, are to be sent so as to be received by the Clerk of this Court
not later than February 21, 2011.        

 

Per Curiam

Do not publish.